UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOMMY JACKSON                                          CIVIL ACTION NO. 06-0086

versus                                                 JUDGE HICKS

STEVE PRATOR, SHERIFF OF                               MAGISTRATE JUDGE HORNSBY
CADDO PARISH

## REPORT AND RECOMMENDATION

**Introduction**

Tommy Jackson ("Plaintiff") filed this civil action against Caddo Parish Sheriff Steve Prator, Deputy Commander Robert Wyche, and Deputy Billy Henderson, Jr. Plaintiff complains that, while he was jailed at the Caddo Correctional Center on November 28, 2005, Deputy Henderson ordered him and two cellmates to serve 23 hours of in-house "lockdown." Plaintiff complains that he was not allowed access to legal material or his Bible during those 23 hours. He seeks declaratory, injunctive, compensatory and punitive relief.

Defendants have filed a Motion for Summary Judgment (Doc. 19). The first defense offered is that Plaintiff did not properly exhaust his administrative remedies before he filed this civil action. Plaintiff was released from custody after he filed this suit. The clerk issued Plaintiff notice of the motion to the last address Plaintiff provided the court. Plaintiff did not

file any opposition.[1] For the reasons that follow, it is recommended that the motion be granted.

**Exhaustion Requirement**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e requires Plaintiff to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from filing suit while the administrative complaint is pending. Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999)(unexhausted claim must be dismissed even though exhausted days after suit was filed.) See also Woodford v. Ngo, 126 S.Ct. 2378 (2006) (explaining that compliance requires proper exhaustion in accordance with prison or jail procedures).

---

[1] Plaintiff acknowledged in his complaint that he was aware of the requirement that he advise the court of any change of address. See Doc. 1, page 20. That is required by Local Rule 11.1W. Plaintiff did advise of a change in address to Lillian Street in Shreveport after he was released from custody. Doc. 7. That is where the court sent notice of the motion and a briefing schedule. Defendants' motion certifies that it was served to an address on North Dale in Shreveport. A member of defense counsel's staff advised the court, on inquiry, that Plaintiff provided defense counsel the North Dale address as a change from the Lillian Street address. Plaintiff has not provided the court notice of such a change.

If Plaintiff received only the motion, and not the court's notice, that is due to his failure to advise the court of a new address. And, even if Plaintiff did not receive the briefing schedule sent to Lillian Street, Local Rule 7.5W required that any opposition be filed within 15 days of service of the motion. If Plaintiff received only the notice (served over six weeks ago) and not the motion, he should have made inquiry by now about the motion that is referenced in the notice.

**Analysis and Conclusion**

Capt. Rick Farris testifies in an affidavit that he is employed at the Caddo Correctional Center and is familiar with the records maintained regarding inmate grievances and administrative remedies. Farris testifies that Plaintiff was provided a copy of the Inmate Handbook, which sets forth the rules for exhausting administrative remedies. A page from the handbook that is attached to Farris's affidavit shows that there is a 3-step process. The Bureau Commander will first send notice to the inmate that his request is either being processed or rejected, pursuant to a screening policy. If the request is referred to another staff member for a response, that response will be provided within fifteen days. If the inmate "is not satisfied with the results" at the first step, he may request relief from the Bureau Commander at step two. The third and final step, if an inmate is "dissatisfied with the second step review," is an appeal to the Chief Deputy.

Capt. Farris's affidavit and attached exhibits show that Plaintiff filed seven, separate grievances regarding the November 28, 2005 actions that underlie this civil action. Each of the grievances was rejected at the first level, either on the merits (reasoning that the 23 hour lockdown conditions did not violate the constitution) or on the grounds that a grievance was already pending on the issue. There is no evidence that Plaintiff pursued any of those seven grievances or any others beyond the initial stage. Plaintiff did not, therefore, exhaust his administrative remedies with respect to the claims presented in this civil action.

Accordingly;

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 19)** be **granted** and that this civil action be **dismissed** because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 8th day of May, 2007.

*signature*
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE